## Mowery (now Isaacs) v. Stein Beer Company

*Mitchell Jenkins* and *Arlington W. Williams*, for plaintiff.

*Forrest J. Mervine* and *George T. Robinson*, for defendant.

DAVIS, P. J., September 10, 1951.—This matter is before the court upon preliminary objection filed by additional defendant, Howard Isaacs. The action was brought originally by Lois Mowery, now by marriage Lois Isaacs, against Stein Beer Company and Howard Isaacs. By stipulation and order of court, Howard Isaacs was eliminated as an original defendant for the reason that at that time he was the husband of Lois Isaacs. On January 31, 1950, Stein Beer Company filed a præcipe for writ to join Howard Isaacs as an additional defendant and complaint. On the same day the writ issued. On August 26, 1950, the sheriff returned the writ non est inventus. On the same day Stein Beer Company filed a præcipe for alias writ to join Howard Isaacs as additional defendant. Service of the alias writ was made on Howard Isaacs on August 31, 1950. Howard Isaacs, by his counsel, assigns the following reasons for his preliminary objection:

"1. The original Writ and Complaint purporting to join the said Howard Isaacs as additional Defendant were not served upon him within thirty (30) days from the issuance thereof, contrary to Pennsylvania Rule of Civil Procedure, No. 2254 (b).

"2. There is no authority in law for the issue of the alias writ purporting to join the said Howard Isaacs as additional Defendant which writ issued August 26, 1950."

Pennsylvania Rule of Civil Procedure 2254(b) provides:

"The writ, with a copy of the complaint of the defendant or the additional defendant and copies of all pleadings theretofore filed in the action, shall be served by the sheriff in the same manner as a writ of summons within thirty (30) days after issuance of the writ, unless the time is extended by the court upon cause shown."

Counsel for Stein Beer Company admits that the writ was not served within 30 days after the issuance thereof but argues that the alias sci. fa. should be given the same force and effect as an alias summons. No authority for this proposition is cited and we find none. The rule specifically provides that the writ must be served within 30 days after issuance unless the time is extended by the court upon cause shown.

In the event service of the writ to join is not made within the 30-day period the fundamental authority upon which the whole procedure to join additional defendants rests provides one method of obtaining an extension of time, namely, application to the court, which cannot allow an extension of time as of course but only for cause shown.

"Where, as here, the rule provides for an extension of time 'upon cause shown' the court is entirely without power to extend as a matter of course": Christman v. Chadderton, 55 D. & C. 325, 330.

In this case the Stein Beer Company filed præcipe for writ and complaint on January 31, 1950, and apparently did nothing further until August 26, 1950, when a præcipe for an alias writ was filed. No application to the court for an extension of time to serve writ has been made at any time. Under the facts in this case the power to serve the writ of joinder expired 30 days after January 31, 1950. Any service of the writ after that date without the time being extended by the court was ineffective and invalid.

"We regard as mandatory the filing of a præcipe by defendant within 60 days of the date of service of plaintiff's initial pleading, also service of the writ to join within 30 days of its issuance, . . . .": Chavers et ux. v. Chadderton, etc., 55 D. & C. 158, 162.

"Unless proposed additional defendant is served with the 'writ to join' and with defendant's complaint

within the prescribed period, he is not in court": Christman v. Chadderton, supra.

And now, September 10, 1951, after argument and careful consideration, it is ordered, adjudged and decreed that the preliminary objection to the writ joining Howard Isaacs as an additional defendant in the within-entitled matter and to the complaint filed thereto are hereby sustained, and the writ is dismissed and judgment entered in favor of Howard Isaacs.